UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATHIR NAFSO,

    Plaintiff,

vs.                                                                                                         Case No. 11-10478

WELLS FARGO BANK, NA.,                                                              HON. AVERN COHN

    Defendant.
_____/

**<u>MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
(Doc. 3)[1]
AND
DISMISSING CASE</u>**

I. Introduction

This is another of one of many cases pending in this district involving a default on a mortgage and eventual foreclosure. Plaintiff Athir Nafso (Nafso) sued defendant Wells Fargo Bank, NA (Wells Fargo) raising claims relating to the foreclosure proceedings relating to his residence.

Before the Court is Wells Fargo's motion to dismiss. For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

II.

On September 12, 2003, Nafso entered into a mortgage transaction with Washington Mutual Ban NA (WaMu) in order to purchase of real property commonly known as 7269 Silverbeech Lane, West Bloomfield, Michigan. In connection with the

---

[1] The Court deems this matter appropriate for decision without oral argument. <u>See</u> Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

transaction, Nafso obtained a $300,000.00 loan and executed a mortgage in favor of WaMu. WaMu later assigned its interest in the mortgage to Wells Fargo, who became the servicer for the mortgage loan. Nafso defaulted on the mortgage loan. As a result, the property was sold at a sheriff's sale on July 20, 2010, where Wells Fargo repurchased it for $262,991.68. By law, the redemption period under M.C.L. 600.3240(8) expired on January 20, 2011.

On January 19, 2011, Nafso filed this lawsuit, presenting the following claims:

Count I – The mortgage foreclosure is invalid because notice of the sale was not posted at the Property as required by M.C.L. 600.3208, and because Defendant did not notify Plaintiff that he could meet and mediate the Mortgage default as provided in M.C.L. 600.3205

Count II – The foreclosure is invalid because Defendant violated the Home Affordable Modification Act (HAMP)

Count III - The foreclosure is invalid because Defendant misrepresented its loan modification proposal in violation of the HAMP Guidelines.

Wells Fargo filed a motion to dismiss, contending that because the mortgage foreclosure was completed, and the redemption period expired, Nafso lacks standing to make claims with respect to the property. Wells Fargo also contends that Nafso's claims under HAMP fail because no private cause of action exists under the statute.

III.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland

Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to Nafso's claims.

IV. Analysis

A. Count I

Wells Fargo says that Count I, seeking to quiet title and claiming defects in the

3

foreclosure proceedings, must be dismissed because Nafso lost standing to assert any rights to or interest in the property when the six-month redemption period under M.C.L. § 600.3240(8) expired on January 20, 2011. Wells Fargo is correct.

In order to properly allege a quiet title claim, Nafso must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d). These rules require that the plaintiff properly allege his or her ownership interest in the property.[2] To establish standing, Nafso must "show that he . . . suffered an actual or imminent, concrete and particularized injury as a result of defendant's [actions], which injury likely would be redressed by a favorable decision." Am. Family Ass'n of Michigan v. Michigan State Univ. Bd. of Trs., 276 Mich. App. 42, 44 (2007).

Following foreclosure, the rights and obligations of the parties are governed by statute. Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993). Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property. See M.C.L. § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942). Here, Wells Fargo purchased the property at a foreclosure sale on July 20, 2011. The redemption period expired on January 20, 2011. Because Nafso failed to redeem the property before the redemption period expired, Wells Fargo became vested with "all the right, title, and interest" in the

---

[2] M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." 28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."

property by operation of law. At that point, Nafso, the former owner, lost standing to assert claims with respect to the property. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at * 1 (Mich. Ct. App. May 28, 2009) (unpublished opinion); see also Kama v. Wells Fargo Bank, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010); Smith v. Wells Fargo Home Mortgage, Inc., No. 09-13988 (E.D. Mich. August 16, 2010); Moriarty v. BNC Mortgage, et al, No. 1013860 (E.D. Mich. Dec. 15, 2010).

This outcome is not altered because Nafso filed this lawsuit on January 19, 2011, the day before the redemption period expired. Overton, 2009 WL 1507342, at * 1 (holding that the plaintiff's filing of his lawsuit did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings). As the Michigan Court of Appeals explained in Overton:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Schulthies v. Barron, 16 Mich. App. 246, 247-248, 167 N.W.2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187, 4 N.W.2d 514 (1942); MCL 600.3236.

Id. In short, once the redemption period expired on January 20, 2011, Nafso lost standing to assert defects in the foreclosure proceedings and/or the sheriff's sale.

Nafso, however, asserts that he has standing because there is a actual dispute as to whether notice of the foreclosure was posted at the property as required under M.C.L. § 600.3208. Nafso also says the foreclosure was invalid because Wells Fargo

5

did not provide him with proper notice of his right to request a modification meeting under M.C.L. § 600.3205a(1)(b).  Implicit in this argument is the notion that these alleged defect are sufficient irregularities to void the foreclosure sale.  He is mistaken.

"The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside."  United States v. Garno, 974 F. Supp. 628, 633 (E.D. Mich. 1997), citing Detroit Trust Co. v. Agozzinio, 280 Mich. 402, 405-06 (1937).  Here, even assuming Nafso's allegations are true, which Wells Fargo disputes and counters with affidavits attesting that the notice was properly posted and Nafso was told of his right to ask for a modification, these are insufficient to set aside the foreclosure.  Moreover, Nafso cannot show prejudice resulting from either alleged defect where he did not attempt to redeem the property and waited until the day before the redemption period expired to challenge the sheriff's sale, and at no time requested a stay of the sale.  Under these circumstances, Nasfo has not stated a claim for relief related to any defect in the foreclosure proceedings.

### B.  Counts II and III

In Counts II and III, Nafso claims violations of HAMP.  HAMP is the acronym for the "Home Affordable Modification Program," a government program created pursuant to the October 3, 2008, Emergency Economic Stabilization Act, 12 U.S.C. § 5201 (2008).  As one district court explained:

> HAMP is ... designed to promote loan modification and other foreclosure prevention services.  Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives.  The servicer's obligations under HAMP are set forth in the HAMP Agreement, as

well as in Program Guidelines established by the Department of the Treasury. Villa v. Wells Fargo Bank, N.A., No. 10CV81, 2010 WL 935680, at *1 (S.D.Cal. Mar. 15, 2010) (citations omitted).

Nafso's HAMP claims must be dismissed because the vast majority of courts, including this Court in LaSalle Bank National Ass'n v. Ray, 09-13526, 2011 WL 57661 (E.D. Mich. Feb. 9, 2011), have held that homeowners do not have a a private right of action under HAMP. See, e.g., Puzz, a single man v. Chase Home Finance, LLC, ___ F. Supp. 2d ___, 2011 WL 395423 (D. Ariz. 2011); Cohn v. Bank of Am., No. 2:10-cv-865, 2011 WL 98840, at *7 (E.D.Cal. Jan.12, 2011) ("District courts have persuasively concluded that there is no private right of action to enforce obligations under HAMP that exist between a loan servicer and the government."); Ording v. BAC Home Loans Servicing, LP, No. 10-10670, 2011 WL 99016, at *7 (D. Mass. Jan.10, 2011) (agreeing with the defendant's argument that "HAMP does not provide a private cause of action under which borrowers may sue servicers."); Zeller v. Aurora Loan Servs., LLC, 2010 WL 3219134, at *1 (W.D. Va. Aug.10, 2010); HAMP does not provide for a private right of action); Adams v. U.S. Bank, No. 10-10567, 2010 WL 2670702, at *4 (E.D.Mich. July 1, 2010) (citing cases); Hart v. Countrywide Home Loans, Inc., ___ F. Supp. 2d ___, 2010 WL 3272623 (E.D. Mich. 2010).

Nafso, however, says he can bring claims under HAMP because he is a third party beneficiary of a contract under HAMP, citing Marques v. Wells Fargo Home Mortgage. Inc., 2010 WL 3212131 (S.D. Ca. Aug. 12, 2010). Nafso's reliance is misplaced. In Marques, the United States District Court for the Southern District of California held that the plaintiff borrower may be able to state a claim against the

7

defendant lender as an intended third-party beneficiary of the Servicer Contract between the lender and Fannie Mae. Marques, 2010 WL 3212131, at *7. The Court reasoned that, because servicers are required to perform specific foreclosure prevention services described in the HAMP Guidelines, the borrowers who benefit are intended third-party beneficiaries. Id. at *2.

The holding in Marques has been rejected by several courts. See Orcilla v. Bank of America N.A., 2010 WL 5211507 (N.D. Ca Dec. 16, 2010); Hammonds v. Aurora Loan Services, LLC, 2010 WL 3859069 (C.D. cal. Sept. 27, 2010); Speleos v. BAC Home Loans Servicing L.P., __ F. Supp. 2d __, 2010 WL 517410 (D. Mass. 2010).

This Court too declines to follow Marques. Federal law controls the interpretation of the HAMP contract. When a contract is entered into under federal law and one party is the United States, federal law applies. County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1243 (9th Cir. 2009). Under federal common law, one way to distinguish between incidental and intended beneficiaries is whether "the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right" on the beneficiary. Restatement (Second) of Contracts, § 302. The requirement of clear intent "is not satisfied by a contract's recitation of interested constituencies, vague hortatory pronouncements, statements of purpose, explicit reference to a third party, or even a showing that the contract operates to the third parties' benefits and was entered into with them in mind." County of Santa Clara, 588 F.3d at 1244-45. In the context of government contracts, such as HAMP, there is a presumption that any beneficiaries are only incidental beneficiaries. "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract

absent a clear intent to the contrary." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir. 1999).

Nafso has not overcome the presumption that he is an incidental beneficiary of the contract between Wells Fargo and the government. Even though the contract does benefit homeowners such as Nafso, the contract lacks the required clear intention. Other courts have concluded the same. See Hofman v. Bank of America, No. CV 10-2171, 2010 WL 2635773 (N.D. Cal. June 30, 2010) ("[T]he existing case law weighs decisively in favor of defendant: numerous district courts have interpreted identical HAMP agreements and have come to the conclusion that a borrower is not [an intended] third party beneficiary."). Accordingly, Nafso's HAMP claims under Counts II and III must be dismissed.[3]

SO ORDERED.


Dated: April 26, 2011        S/Avern Cohn
                             AVERN COHN
                             UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 26, 2011, by electronic and/or ordinary mail.

                             S/Julie Owens
                             Case Manager, (313) 234-5160d

---

[3]The Court is mindful of that HAMP has, in the view of many, failed to live up to its promise of helping families with mortgage modifications. See Neil M. Barofsky, Where Bailout Went Wrong, N.Y. Times, March 30, 2011, at A27 and Michael Powell, Andrew Martin, Foreclosure Aid Fell Short, and Is Fading Away, N.Y. Times, March 30, 2011 at A1, A17. Unfortunately, HAMP's shortcomings do not alter the conclusion that it does not create a private right of action for homeowners, even under a third-party beneficiary theory.